UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BARRETTE OUTDOOR LIVING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 2:13-CV-289 ) |
| VI-CHEM CORPORATION, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This civil action is before the court for consideration of "Defendant's Motion to Transfer Venue" [doc. 15]. Plaintiff has filed a response [doc. 25], and defendant has filed a reply [doc. 28]. Plaintiff has submitted a sur-reply [doc. 32]. Oral argument is unnecessary, and the motion is ripe for the court's determination.

Defendant has moved pursuant to 28 U.S.C. § 1404 to transfer this case to the United States District Court for the Western District of Michigan. For the reasons that follow, the motion will be denied.

I.

*Background*

Plaintiff is an Ohio corporation with its principal place of business in Cleveland, Ohio and its headquarters in Quebec, Canada. Plaintiff also has a Bulls Gap, Tennessee manufacturing facility where it produces vinyl fencing. Defendant is a Michigan

1

corporation and has its headquarters and principal place of business in Grand Rapids, Michigan. Defendant is in the business of manufacturing and designing compounds for various industries. Defendant sold to plaintiff a Rigid PVC compound that was shipped to the Bulls Gap facility and used in the production of vinyl fencing. Problems arose with fencing manufactured with the compound, and this lawsuit resulted.

The parties' business relationship began in September 2008 and continued over several years with plaintiff buying goods from defendant. Defendant shipped goods to plaintiff in February 2009 based upon plaintiff's purchase order issued in January 2009. Defendant faxed the invoice for the sale to the Quebec, Canada location. Plaintiff maintains that it received only the first page of the invoice, not the page containing defendant's terms and conditions that includes a forum selection and choice of law clause. The clause calls for any action concerning the contract to be brought in federal or state court in Michigan and also states that the parties' contract is governed by the Michigan Uniform Commercial Code ("UCC").

I.

*Analysis*

There is no dispute that a contract for the sale of goods existed between the parties. Defendant argues that the forum selection clause in the parties' contract requires that this case be transferred to the Western District of Michigan. Plaintiff argues that it did not receive and did not agree to a forum selection clause.

2

Located at the bottom of the first page of defendant's invoice form, in fine print, is the statement, "Additional terms of sale on back of invoice." The back page of the invoice, titled "VI-CHEM CORPORATION TERMS AND CONDITIONS OF SALE," includes nineteen paragraphs in small print. Paragraph fifteen provides in pertinent part:

> Governing Law and Forum. The formation and performance of the contract shall be governed by the Uniform Commercial Code, as adopted in the state of Michigan. Any action for breach of contract, including any breach of warranty, must be commenced within one (1) year after the cause of action has accrued. . . . Any legal or equitable actions arising out of or relating to this contract or any other contract between the parties, shall be brought only in federal or state court in Michigan. Seller and Buyer agree that such court shall have in personam jurisdiction over the parties.

Plaintiff argues that the February 6, 2009 invoice for the goods in its January 1, 2009 purchase order was faxed to Quebec, Canada and that only a single page was faxed. The second page containing the forum selection clause was not faxed. This invoice is attached to defendant's motion for transfer. In its reply, defendant offers detailed information and affidavit testimony concerning how invoices are generated and argues that based upon its procedures, plaintiff had to have received the forum selection clause on the invoices sent over the course of their business dealings. Plaintiff contends it is not in receipt of the additional invoices and also that the clause did not become a part of the contract based upon UCC Section 2-207.

In any event, even assuming that plaintiff received the terms and conditions on the back of the invoice, the forum selection clause did not become a part of the parties' contract because it was an additional term that materially altered the contract. The "Battle of the Forms" provision of the UCC, Section 2-207, applies to the issue of

3

whether the forum selection clause is a part of the parties' contract. Section 2-207 as adopted in Tennessee provides:

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
>
> (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
>
> (a) the offer expressly limits acceptance to the terms of the offer;
> (b) they materially alter it; or
> (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.
>
> (3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of chapters1-9 of this title.

Tennessee Code Annotated § 47-2-207.[1]

Defendant states that the forum selection clause is not a material alteration, but cites no authority for that proposition. While it appears that courts in Tennessee have not addressed the issue, courts in other jurisdictions have and have found a forum selection clause to be an additional term that materially alters the terms of the parties' contract. *Duro Textiles, LLC v. Sunbelt Corp.*, No. 13-10927-MLW, 2014 WL 1338149 (D. Mass. Mar. 31, 2014) (determination that forum selection clause materially alters a contract

---

[1] UCC 2-207 in Tennessee and Michigan are not materially different. *See* Michigan Compiled Laws § 440.2207.

reached by other courts of various jurisdictions) (cases cited therein); *see also Steel Dynamics, Inc. v. Big River Zinc Corp.*, No. 1:06-CV-00110, 2006 WL 1660599, at *5 (N.D. Ind. June 9, 2006) (addition of forum selection clause "repeatedly considered" "material alteration" under UCC Section 2-207) (cases cited therein). In *Duro Textiles*, the court held that a forum selection clause that was part of an invoice sent by the seller to the buyer was a material alteration of the parties' contract under the UCC.

In *Construction Resource Group, Inc. v. General Technologies., Inc*., No. 7:13-1695-TMC, 2013 WL 6284003 (D.S.C. Dec. 4, 2013), the district court addressed whether a forum selection clause included in the terms and conditions on the back of an invoice was a term of the contract. Plaintiff had placed multiple orders with defendant, and the invoices for the orders contained the same language. The district court applied S.C. Code Ann. § 36-2-207, the equivalent of UCC Section 2-207. The court noted that it had not found any South Carolina case, but stated that "several courts from other jurisdictions have held a forum selection clause constitutes a material alteration." *Id*. at *3 (cases cited therein). Relying on the precedent from other jurisdictions, the district court concluded that South Carolina courts would rule, based on the facts of the case, that "a unilateral addition of a forum selection clause to a contract governed by the UCC is a material alteration of the contract that does not become part of the contract." *Id*. The court then held that the forum selection clause at issue was not a part of the parties' contract. *Id*.

The Eastern District of Michigan also addressed this issue in *Metropolitan Alloys Corp. v. State Metals Industries, Inc*., 416 F. Supp. 2d 561 (E.D. Mich. 2006). In

5

*Metropolitan Alloys*, the defendant was a New Jersey corporation and argued that jurisdiction did not exist because the plaintiff had agreed to a New Jersey forum selection clause located on the back of defendant's sales contract. At the time of the district court's decision, the Michigan state courts had not directly addressed the issue. The district court noted that "[a] leading authority on contracts states 'clauses which have been deemed to materially alter a contract include a choice of forum clause . . . .'" *Id*. at 566 (citing 2 Williston on Contracts, § 6:22, at 6 (4th ed.) (Dec. 2005 update)). The *Metropolitan Alloys* court held that

> if faced with the issue, the Michigan Supreme Court would rule that a unilateral addition of a forum selection clause to a contract governed by the UCC is a material alteration of the contract that does not become part of the contract by operation of M.C.L. 440.2207(2)(b)" [UCC Section 2-207].

*Id*. at 567. The court concluded that "[m]erely accepting delivery and reading the "Sales Contract" language would not bind [plaintiff] to all of the "terms, conditions, and prices set forth herein" and held that by operation of M.C.L. § 440.2207(2)(b) the forum selection clause did not become a part of the parties' contract. *Id*. *See also Belanger, Inc. v. Car Wash Consultants, Inc*., 452 F. Supp. 2d 761 (E.D. Mich. 2006) (citing *Metropolitan Alloys*) (forum selection clause contained in fine print on invoice mailed to defendant after contract and installation of goods completed materially altered parties' agreement and was not binding under M.C.L. § 440.2207(2)(b)); *DTE Energy Techs., Inc. v. Briggs Elec., Inc*., No. 06-12347, 2007 WL 674321 (E.D. Mich. Feb. 28, 2007) (citing *Metropolitan Alloys*) (forum selection clause contained in fine print attached to order acknowledgment sent to defendant after submitting order materially altered parties'

6

contract); *Cinetic Dyag Corp. v. Forte Automation Sys., Inc.*, No. 2:08-cv-11790, 2008 WL 4858005 (E.D. Mich. Nov. 6, 2008) (district court ultimately concluded that UCC did not apply but found that if it did apply, based upon *Metropolitan Alloys*, forum selection clause would not be part of contract between parties under UCC 2-207)(b)(2)).

Based upon the holdings in the above cases and consistent with Tennessee's policy of construing the UCC uniformly among jurisdictions,[2] the court believes that, if faced with this issue and the facts of this case, Tennessee courts would rule that the unilaterally included forum selection clause is a material alteration that would not become part of the contract under Tenn. Code Ann. § 47-2-207(b)(2). Therefore, the court finds that the forum selection clause in fine print on the back of defendant's invoice is not a part of the contract between plaintiff and defendant.

## Transfer Under 28 U.S.C. § 1404(a)

Having found that that the forum selection clause is not a part of the parties' contract and therefore does not factor into the analysis of defendant's motion for transfer, the court will consider whether transfer is otherwise appropriate under 28 U.S.C. §

---

[2] Tenn. Code Ann. § 47-1-103 provides in pertinent part:

> [T]his title must be liberally construed and applied to promote its underlying purposes and policies, which are:
>
> (1) To simplify, clarify, and modernize the law governing commercial transactions;
>
> (2) To permit the continued expansion of commercial practices through custom, usage, and agreement of the parties; and
>
> (3) To make uniform the law among the various jurisdictions.

Tenn. Code Ann. § 47-1-103(a).

1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, in determining whether to transfer a case, the court must decide "(1) whether the action could have been brought in the proposed transferee district, (2) whether a transfer would promote the interests of justice, and (3) whether a transfer would serve the parties' and witnesses' convenience." *IFL Group Inc. v. World Wide Flight Serv., Inc.*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004).

The district court has broad discretion in determining whether to transfer a case under § 1404(a). *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Further, the party seeking the transfer typically has the burden of showing that another forum is more convenient. *Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002). "[T]he movant must show that the forum to which he desires to transfer the litigation is the more convenient one vis a vis the Plaintiff's initial choice." *Roberts Metals, Inc. v. Fla. Props. Mktg. Group, Inc.*, 138 F.R.D. 89, 93 (N.D. Ohio 1991) (internal quotation marks and citation omitted). Thus, in this case, defendant has the burden of showing that transferring this case to the Western District of Michigan is appropriate. "The party seeking the change in venue bears the burden of demonstrating that transfer is appropriate. Merely shifting the inconvenience from one party to another does not meet Defendant's burden." *McFadgon v. Fresh Mkt., Inc.*, No. 05-2151-D/V, 2005 WL 3879037, at *2 (W.D. Tenn. Oct. 21, 2005) (citation omitted). "If the court determines that the 'balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice of [forum] should prevail.'" *B.E. Tech., LLC*

8

*v. Facebook, Inc.*, 957 F. Supp. 2d 926, 931 (W.D. Tenn. 2013) (alteration in original) (quoting *Stewart v. Am. Eagle Airlines, Inc.*, No. 3:10-00494, 2010 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010)).

In assessing a motion under § 1404(a), the court "must weigh a number of case-specific factors such as the convenience of parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading the interest of justice." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (internal quotation marks and citation omitted). Several factors guide the court in the determination of whether a transfer is appropriate:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*IFL Group*, 306 F. Supp. 2d at 712 (citing *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)).

The initial determination for transfer is whether the action might have been brought in the Western District of Michigan. Defendant is incorporated and has its principal place of business in Michigan, and there does not appear to be any dispute that the case could have been brought in the Western District of Michigan. This element having been met, the court can consider the relevant factors.

9

1. Convenience of Witnesses

As to this factor, defendant merely argues that its witnesses will likely reside in the Western District of Michigan, while plaintiff may have witnesses from its manufacturing facility in Tennessee, its place of business in Cleveland, Ohio or its headquarters in Quebec, Canada. After making this observation, defendant concludes that this factor weighs in favor of transfer to the Western District of Michigan. Plaintiff argues that the majority of its witnesses reside and work in Tennessee so that Michigan would not be a convenient forum.

The convenience of witnesses "is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)" *Audi AG & Volkswagon of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 750 (E.D. Mich. 2004); *Malibu Boats, LLC v. Nautique Boat Co., Inc.*, No. 3:13-CV-656-TAV-HBG, 2014 WL 202379, at *5 (E.D. Tenn. Jan. 16, 2014) (witness convenience "often considered to be the most important factor when determining which forum is the most convenient") (citation omitted).

> When asserting that a transferee district is more convenient for witnesses, a party "must produce evidence regarding the precise details of the inconvenience" of the forum chosen by the plaintiff. *Epperson [v. Trugreen Ltd. Partnership*, No. 2:10-cv-02130-STA-cgc,] 2010 WL 4362794, at *8 [W.D. Tenn. Oct. 5, 2010)]. To satisfy its burden, the movant must do "more than simply assert[] that another forum would be more appropriate for the witnesses; he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district." *Id*. (quoting *Roberts Metals, Inc*., 138 F.R.D. at 93). Further, "[t]o sustain a finding on [this factor] . . . the party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Eaton v. Meathe*, No. 1:11-cv-178, 2011 WL 1898238, at *3 (W.D. Mich. May 18, 2011) (quoting *Rinks v. Hocking*, 1:10-CV-1102,

10

2011 WL 691242, at *3 (W.D. Mich. Feb. 16, 2011)) (internal quotation marks omitted).

*B.E. Technology*, 957 F. Supp. 2d at 931.

Defendant has not made such a showing. Its cursory listing of where each party's witnesses are likely located is insufficient to demonstrate that plaintiff's chosen forum is more inconvenient for witnesses than the transferee district it seeks, the Western District of Michigan. *Roberts Metals*, 138 F.R.D. at 93 ("[S]uch bare allegations unsupported by affidavit provide no factual basis on which to conclude that the convenience of the witnesses weighs in favor of transfer."). Defendant has not sustained its burden on this factor.

2. Relevant Documents and Sources of Proof

Defendant argues that both parties have documents in their possession and that relevant documents will be exchanged during discovery. Thus, defendant concludes that this factor has "little importance in the era of electronic documents and overnight shipping" but argues that the factor weighs slightly in favor of transfer "considering that not all of [plaintiff's] documents may be located in Tennessee." Plaintiff points out that the bulk of its documents are located in Tennessee. In light of the advances in technology and availability of documents in electronic form, this factor has less significance. *See Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.*, 676 F. Supp. 2d 623, 635 (W.D. Mich. 2009) (cases cited therein). The court concludes this factor is neutral.

11

### 3. Convenience of Parties

As to this factor, defendant simply states where each party has its principal place of business and concludes that the factor weighs in favor of transfer. Plaintiff responds that it is more convenient for the bulk of the witnesses to proceed in Tennessee. Defendant has not identified any individuals from its corporation who are expected to be called at trial or what the nature of their testimony would be. Even if defendant had identified such witnesses, it has not made any showing that any corporate witnesses or employees "will be unwilling to testify" if asked or how these witnesses "will be severely inconvenienced if the case proceeds in this district." *B.E. Technology*, 957 F. Supp. 2d at 932. "[C]ourts have noted that normally a corporation is able to make its employees available to testify when needed." *Id*. (quotation marks omitted) (cases cited therein). Nor has defendant offered any other specific reasons related to the parties why transfer would be more convenient for the parties as a whole. Transfer "cannot merely shift inconvenience between the parties." *McKee Foods Kingman v. Kellogg Co.*, 474 F. Supp. 2d 934, 941 (E.D. Tenn. 2006). Defendant has not met its burden concerning this factor.

### 4. Locus of Operative Facts

Defendant contends with regard to this factor that plaintiff alleges improper design, testing, and manufacturing of the product at issue and that design, testing, and manufacturing of its products occurs in Grand Rapids, Michigan. Thus, defendant concludes transfer is appropriate. Plaintiff responds that the product was manufactured

for its facility in Tennessee. The court observes that in addition to negligence, plaintiff asserts claims for breach of warranty, negligent misrepresentation, and violation of the Tennessee Consumer Protection Act.

To some extent, the locus of operative facts would be in Michigan, especially with respect to the design, testing, and manufacturing aspect of the product at issue. This factor weighs slightly in favor of transfer.

### 5. Availability of Process re Unwilling Witnesses

Defendant argues and plaintiff agrees that this factor is neutral. There is no showing that any inability by a court to compel a witness to appear could not be addressed by a videotaped deposition. Further, at this time defendant has not identified any unwilling witnesses whose attendance would have to be compelled. This factor is neutral.

### 6. Relative Means of Parties

With regard to this factor, defendant argues that plaintiff is a very large company with multiple locations and over 2,000 employees while defendant has a single location and employs approximately 85 employees. Plaintiff states that the size of the companies is irrelevant. Defendant manufactured a product for plaintiff's Tennessee location and subjected itself to the jurisdiction of this court.

Both parties are corporations, and defendant has not offered any proof to demonstrate that it is financially incapable of defending its product in Tennessee, where it

13

chose to do business. "Unless all parties reside in the selected jurisdiction, any litigation will be more expensive for some than others." *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1139 (6th Cir. 1991). The court concludes that this factor is neutral.

### 7. Forum's Familiarity with Governing Law

In its argument concerning this factor, defendant states that Michigan law will govern the parties' dispute, based upon the language in the invoice. Plaintiff argues that even if Michigan law applies and the case is governed by the UCC, this factor is neutral since there is no substantial difference between the Tennessee and Michigan UCC, citing *Lee v. Cox*, 1976 U.S. Dist. LEXIS 17146, at *3 n.3 (M.D. Tenn. Jan. 16, 1976) ("The choice of law question is, however, somewhat academic, since both Michigan and Tennessee have adopted virtually identical versions of the Uniform Commercial Code.").

The court has ruled that the forum selection clause on defendant's invoice did not become a part of the parties' contract. The clause contains a governing law provision requiring that the UCC as adopted in Michigan would govern the formation and performance of the contract. In *Belanger, Inc. v. Car Wash Consultants, Inc.*, 452 F. Supp. 2d 761 (E.D. Michigan 2006) the district court addressed whether a forum selection *and choice of law* clause included in an invoice sent to defendant was binding. Applying Michigan's version of UCC Section 2-207 and relying on *Metropolitan Alloys*, 416 F. Supp. 2d 561, the court determined the clause materially altered the parties' agreement and found that the defendant was not bound by the forum selection and choice

14

of law clause. *Belanger*, 452 F. Supp. 2d at 766. The same is true in this case. This factor weighs in favor of non-transfer.

### 8. Plaintiff's Choice of Forum

"The plaintiff's choice of forum is accorded some deference and given substantial weight, although it is not a dispositive factor." *Forward Air, Inc. v. Dedicated Xpress Servs., Inc.*, No. 2:01-CV-48, 2001 WL 34079306 at *5 (E.D. Tenn. Dec. 13, 2001) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998)); *see also Compass Auto. Group, LLC v. Denso Mfg. Tenn, Inc.*, No. 12-10919, 2013 WL 655112, at *4 (E.D. Mich. Feb. 22, 2013) ("The Court must give deference to the plaintiff's choice of forum, which is not disturbed 'unless the balance is strongly in favor of the defendant.'") (quoting *Stewart v. Dow Chem. Co.*, 865 F2d 103, 106 (6th Cir. 1989)).

Defendant's argument regarding this factor is based solely on the existence of a valid forum selection clause, which defendant argues negates plaintiff's choice of this forum. Plaintiff responds that there is no valid forum selection clause. As already noted, plaintiff is not bound by the forum selection clause. The court concludes that this factor weighs in favor of plaintiff.

### 9. Trial Efficiency and Interests of Justice

With regard to this factor, defendant has offered judicial caseload statistics for the Western District of Michigan and for the judges in this court.[3] Defendant states that

---

[3] Exhibit four to defendant's motion is a Judicial Caseload Profile for the Western District of Michigan. A profile for the Eastern District of Tennessee is not included.

15

"[b]oth courts are roughly equal in terms of their overall trial efficiency" and concludes that this factor is neutral. Plaintiff responds that the statistical difference between the districts concerning the time of disposition of cases is not substantial enough to warrant transfer. The court considers this factor neutral as well. Defendant, who bears the burden, concludes the factor is neutral and has not presented any evidence to persuade the court otherwise.

Therefore, after reviewing and balancing the relevant factors, the court finds that the defendant has not met its burden of showing that transfer to the Western District of Michigan is warranted.

### III.

### *Conclusion*

Accordingly, for the reasons discussed herein, "Defendant's Motion to Transfer Venue" [doc. 15] will be denied. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge